## ARMIJO *v.* BACA.

January Term, 1885.

EQUITY—JURISDICTION—INJUNCTION—USURPING OFFICE OF SHERIFF.
 A court of chancery has jurisdiction to interfere by injunction with a person who is endeavoring to usurp the office of sheriff.

Appeal from the Second judicial district court, Bernalillo county.
*Neill B. Field* and *Childers & Fergusson,* for appellee.
*Stone & Stone,* for appellant.

WILSON, J. This is a proceeding in equity praying that a writ of injunction may be issued, directed to Santiago Baca, enjoining and restraining him from usurping or attempting to usurp the office of sheriff of Bernalillo county, or the office of collector of taxes and licenses of Bernalillo county, and from ousting or attempting to oust Perfecto Armijo, the appellee, and from embarrassing or attempting to embarrass, and from hindering or attempting to hinder, and from in any manner interfering or attempting to interfere, with Perfecto Armijo, appellee, in the discharge of his duties or the exercise of his functions as sheriff of the county of Bernalillo, in the territory of New Mexico, or as collector of taxes and licenses for the county of Bernalillo, in said territory. The appellant demurred to the appellee's bill, and the court overruled the demurrer, and the appellant elected to abide by his demurrer and appealed to this court.

The strength of the appellant's standing in this case, if he has any, is in his allegations that "a court of chancery is without jurisdiction or power to restrain by injunction a *claimant* to an office from exercising or discharging, or attempting to exercise or discharge, the duties thereof at the suit of another claimant to the same office." Were the title to the office of sheriff of Bernalillo county the issue in this case, this position would be impregnable. But an examination of the record proves that no such issue exists or was ever made in the case, and, as a consequence, the authorities cited by the counsel for the appellant are not applicable, and need not be reviewed.

Perfecto Armijo, the appellee, sets forth in his bill that in the year A. D. 1882 he was duly and legally elected, and duly and legally qualified, sheriff of Bernalillo county, as provided by the requirements of the statutes of the territory of New Mexico in such case made and provided, and he then and there became, ever since has been, and still is, sheriff of said county, duly elected and qualified, and entitled to exercise the functions and discharge the duties of said office, and to receive the fees and emoluments arising therefrom; and he further alleges that, by virtue of said office, he is *ex officio* collector of taxes and licenses for said county of Bernalillo, and is entitled to exercise the functions and discharge the duties of said office of collector of taxes and licenses, and to receive the fees and emoluments arising therefrom. He further alleges that he has never resigned or vacated either of said offices; that *he has never been lawfully removed therefrom;* and that the *term* for which he was so elected and qualified has not expired.

Santiago Baca, the appellant, by his demurrer admits that the foregoing facts are all true, and then stops without claiming that he was ever elected or appointed sheriff or collector of taxes and licenses for the county of Bernalillo. It is not possible to add argument to this record to make it plainer that the title to the office of sheriff is not at issue between these parties in this action; nor does it weaken this position that the appellee has set forth in his bill that the board of county commissioners of Bernalillo county, acting without authority of law, declared the office of sheriff vacant, and that "Lionel Sheldon, governor of the territory of New Mexico, wrongfully, and without warrant or authority of law, and although no vacancy existed in either of the said offices, and while [the said Perfecto Armijo] was in the exercise of the duties and discharge of his said offices, did issue to Santiago Baca a pretended commission as sheriff of the county of Bernalillo, in the territory of New Mexico." And these allegations by the demurrer are admitted to be true.

The bill proceeds, and alleges that Santiago Baca, the appellant, is attempting to usurp Perfecto Armijo's said offices of sheriff of the county of Bernalillo, and collector of taxes and licenses of the county of Bernalillo, and to discharge the duties and exercise the functions of said offices, and to receive the fees and emoluments arising therefrom; and the bill further alleges Santiago Baca will, unless restrained by the order and process of the court, usurp the said offices of sheriff of the county of Bernalillo, and collector of taxes and licenses of the county of Bernalillo, and will oust the appellee therefrom, and will greatly embarrass and hinder the appellee in the discharge of his duties and exercise of his functions as sheriff and collector aforesaid, to the appellee's irreparable injury, and to the irreparable injury of the public business intrusted to him (Perfecto Armijo) in his official capacity; and further charges that "all of which acts, doings, and proceedings of the said Santiago Baca are contrary

to equity and good conscience, and tend to the manifest injury and oppression of the said Perfecto Armijo in the premises." And the appellee adds that he is without remedy in the premises, save in a court of equity. All these allegations, severally and collectively, are admitted by the demurrer to be true. We think the foregoing recapitulation of the allegations and admissions of the parties make it abundantly manifest that a court of chancery has jurisdiction in the premises, and that equity requires that the appellant should be enjoined, as prayed for in the appellee's bill. The decree of the court below is affirmed, and it is ordered that the appellant pay the costs.

AXTELL, C. J. I concur.